# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

LEONARD THOMAS,

  Plaintiff,

  v.            CAUSE NO.: 3:18-CV-803-JD-MGG

JACK HENDRIX, et al.,

  Defendants.

## OPINION AND ORDER

Leonard Thomas, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Thomas alleges that he suffer from schizophrenia, anxiety, and antisocial personality disorder. In 2015, he was enrolled in the dialectical behavior therapy program at the Wabash Valley Correctional Facility. In January 2016, he was transferred to the Westville Correctional Facility, which prevented him from completing the program. The harsher conditions at Westville in conjunction with his mental health condition caused Thomas to attempt suicide on three occasions by April 2016.

Thomas asserts that Jack Hendrix, Cara Misetic, Vicki E. Burdine, Mary Ruth Sims, Samuel Byrd, Shannon Roden, Danielle D. Nance, Dick Brown, Matt Leohr, Michael Osborn, J. Walters, Amy Eichmeier, Tim Axsom, and Jodeana Raney[1] retaliated against him for filing grievances and lawsuits by removing him from the therapy program and by transferring him to the Westville Correctional Facility in January 2016. He specifically alleges that Dr. Burdine, Axsom, Raney, and Roden informed him that he was being transferred due to his grievances and the two lawsuits he filed against individuals working at the Pendleton Correctional Facility and the Westville Correctional Facility related to his medical care, which he litigated from April 2012 to September 2017. *Thomas v. Wolfe*, 1:12-cv-443 (S.D. Ind. filed April 4, 2012); *Thomas v. Levine*; 2:15-cv-399 (S.D. Ind. filed December 12, 2015).

"To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The complaint states a plausible claim of First Amendment retaliation against these defendants.

Thomas asserts that the aforementioned defendants also acted with deliberate indifference to his serious medical needs by removing him from the therapy program

---

[1] According to the complaint, these defendants worked at the New Castle Correctional Facility, with the exception of Hendrix, Misetic, and Burdine, who worked in Indianapolis.

and transferring him to a prison with harsher conditions. He further alleges that Mark Sevier, Andrew Pazera, Mark Newkirk, Lowry Evans, Sergeant Lovings, Sergeant S. Miller, Officer J. Wilson, Gloria Thode, Barbara Eichmann, Brad S. Mazick, Eddie Taylor, Amjad Shihadeh, Andrew Liaw, Katherine Hutchinson, and Joelynn Bigheart[2] also violated his right to adequate medical care. He explains that these defendants knew of his mental condition, his transfer from a special needs unit, and his multiple written requests for assistance at Westville but that they did nothing to protect him from his mental condition.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could

---

[2] According to the complaint, these defendants worked at the Westville Correctional Facility.

have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The complaint states a plausible Eighth Amendment claim of deliberate indifference.

Thomas further alleges that his right to procedural due process was violated when he was transferred to the Westville Correctional Facility. To state a procedural due process violation, a plaintiff must allege the deprivation of a liberty or property interest arising from the Due Process Clause or created by state law. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but a state-created liberty interest may arise if a housing assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). Though the complaint suggests that Thomas preferred the Wabash Valley Correctional Facility, it does not describe how the conditions at the Westville Correctional Facility were unusual when compared to ordinary prison life. Therefore, Thomas may not proceed on a procedural due process claim.

As a final matter, Thomas alleges that Byron A. Bertsch and Janet Colleen West violated his constitutional rights, but he cannot proceed against them because he did not list them as defendants. Similarly, Thomas names Charles Dalrymple and Leah R. Marsden as defendants but does not otherwise mention them in the complaint. These defendants are dismissed.

For these reasons, the court:

(1) GRANTS Leonard Thomas leave to proceed on a claim of First Amendment retaliation against Jack Hendrix, Cara Misetic, Vicki E. Burdine, Mary Ruth Sims, Samuel Byrd, Shannon Roden, Danielle D. Nance, Dick Brown, Matt Leohr, Michael Osborn, J. Walters, Amy Eichmeier, Tim Axsom, and Jodeana Raney for removing him from a therapy program and transferring him in January 2016;

(2) GRANTS Leonard Thomas leave to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against Jack Hendrix, Cara Misetic, Vicki E. Burdine, Mary Ruth Sims, Samuel Byrd, Shannon Roden, Danielle D. Nance, Dick Brown, Matt Leohr, Michael Osborn, J. Walters, Amy Eichmeier, Tim Axsom, and Jodeana Raney for removing him from a therapy program and transferring him in January 2016;

(3) GRANTS Leonard Thomas leave to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against Mark Sevier, Andrew Pazera, Mark Newkirk, Lowry Evans, Sergeant Lovings, Sergeant S. Miller, Officer J. Wilson, Gloria Thode, Barbara Eichmann, Brad S. Mazick, Eddie Taylor, Amjad Shihadeh, Andrew Liaw, Katherine Hutchinson, and Joelynn Bigheart for failing to take measures to prevent Thomas from attempting suicide in early 2016;

(4) DISMISSES Charles Dalrymple and Leah R. Marsden;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the defendants at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Leonard Thomas has been granted leave to proceed in this screening order.

SO ORDERED on October 3, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT