UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD THOMAS,

    Plaintiff,

    v.

JACK HENDRIX, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-803-JD-MGG

OPINION AND ORDER

The defendants, by counsel, filed a motion to revoke Leonard Thomas' leave to proceed in forma pauperis. They argue that Thomas has accrued three strikes under the Prison Litigation Reform Act, which provides that a prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

The defendants argue that Thomas has accrued a strike with respect to six cases:

In *Thomas v. Washington*, 3:97-cv-43 (S.D. Ill. filed Jan. 22, 1997), Thomas filed complaint against prison officials, and the district court dismissed the action on the defendants' motion to dismiss. The filings are not available electronically, and the specific basis for dismissal is unknown.

---

[1] The statutory provision also includes an exception to this rule if the plaintiff alleges imminent danger of physical injury. However, the exception does not apply here because the claims focus on his medical treatment prior to his transfer to the New Castle Correctional Facility in April 2016. ECF 1, ECF 4.

In *Thomas v. Ogle*, 1:13-cv-1038 (S.D. Ind. filed June 28, 2013), Thomas filed a civil rights complaint alleging the use of excessive force at the Pendleton Correctional Facility. The district court dismissed this case on summary judgment. Thomas appealed and moved to proceed in forma pauperis on appeal. The district court denied the motion, finding that the appeal was taken in bad faith. The Seventh Circuit dismissed the appeal for failure to pay the required docketing fee.

In *Thomas v. Lemmon*, 2:15-cv-408 (S.D. Ind. filed December 11, 2015) (*Lemmon I*), Thomas filed a complaint against mental health care providers alleging deliberate indifference to his mental healthcare at the Pendleton Correctional Facility. The district court dismissed this case because it was identical in all material respects to a case he filed nine days earlier. The district court dismissed the case without prejudice.

In *Thomas v. Lemmon*, 1:17-cv-1845 (S.D. Ind. filed June 5, 2017) (*Lemmon II*), Thomas filed a complaint alleging deliberate indifference against mental health providers at the Wabash Valley Correctional Facility with the same claims he now brings in the instant action. The district court screened Thomas' complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed his action for failure to state a claim. The district court granted Thomas leave to file an amended complaint. Thomas did not file an amended complaint but voluntarily dismissed the action without prejudice and refiled the case in this court.

In *Thomas v. Mazick*, 3:15-cv-548 (N.D. Ind. filed November 20, 2015), Thomas filed complaint against mental health providers and prison staff. The district court found that the complaint included unrelated claims and ordered Thomas to file an amended complaint asserting related claims against defendants. After two unsuccessful attempts at filing a proper amended complaint and six months of inaction, the district court dismissed the case for failure to prosecute.

In *Thomas v. GEO Group*, 1:19-cv-16 (S.D. Ind. filed January 2, 2019), Thomas filed a complaint alleging deliberate indifference in relation to his mental health care at the Westville Correctional Facility and the New Castle Correctional Facility. Thomas moved to proceed in forma pauperis, but the district court denied the request because Thomas did not file his prison account summary. Thomas did not file the prison account summary. In response, the district court entered an order dismissing the case without prejudice for failure to prosecute but entered a judgment dismissing the case with prejudice pursuant to 28 U.S.C. § 1915A(b).

None of these cases fall squarely within the parameters of a strike as defined by 28 U.S.C. § 1915(g). In *Washington* and *GEO Group*, the basis for dismissal is either unknown or ambiguous. While *Lemmon I* was duplicative, it does not follow that this case was frivolous as the claims were allowed to proceed in another case, nor does the case appear to be malicious as the timing and singular nature of the duplicative filing suggests that it was not an attempt to harass. In *Lemmon II*, the Southern District of Indiana was poised to dismiss the claims raised in the instant action for failure to state claim but instead dismissed it on Thomas' motion. The defendants' contend that inmates should not be allowed to avoid strikes by voluntarily dismissing the case, but this contention carries little weight here as the court has allowed the claims raised in *Lemmon II* to proceed in the instant action at the screening stage and over the arguments of the defendants in their motion to dismiss. *See Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018) ("A later district court may not defer to an earlier district court's contemporaneous decision to label a dismissal as a strike."). With respect to *Mazick*, the court cannot fairly characterize a dismissal for stating too many claims or for abandoning the case as failing to state claim, malicious, or frivolous. Finally, in *Ogle*, the Seventh Circuit may have had a basis to dismiss the appeal as frivolous or malicious, but they did not do so. *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) ("Where the judge did not make such findings, we cannot read into his decision a ground for dismissal that he did not state, and which would also substantially limit [an inmate's] ability to file a lawsuit.").

The defendants also argue that the court should revoke Thomas' in forma pauperis status because he did not disclose his litigation history on the motion for leave to proceed in forma pauperis. In *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871 (7th Cir. 2019), the Seventh Circuit addressed the issue of whether it is appropriate to sanction inmates for fraud for failing to disclose their litigation history. Specifically, the Seventh Circuit held that such sanctions must be supported by findings of intentionality and materiality. *Id.* at 877-78. Here, the form motion used by Thomas did not ask for his litigation history in full but instead asked, "Have you ever filed a lawsuit in a federal court outside of Indiana?" ECF 2. Thomas replied, "Yes, in the Northern District of Illinois." While this response may be incomplete, it is a true statement. *Thomas v. DeTella*, 1:96-cv-3013 (N.D. Ill. filed May 21, 1996); *Thomas v. DeTella*, 1:97-cv-3527 (N.D. Ill. filed May 12, 1997). Further, there is nothing to suggest that it was intended to mislead the court, and it did not materially affect the court's decision to grant in forma pauperis status.

As a final matter, it is unclear what purpose revoking Thomas' in forma pauperis status would serve. Thomas has paid the assessed filing fee in full (ECF 24), and the defendants have already been served, so even if Thomas had accrued three strikes, it seems unlikely that it would result in the dismissal of this case.

For these reasons, the court DENIES the motion to revoke in forma pauperis status (ECF 92).

SO ORDERED on November 12, 2019

          /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT