UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD THOMAS,

Plaintiff,

v.                                                    CAUSE NO.: 3:18-CV-803-JD-MGG

JACK HENDRIX, et al.,

Defendants.

OPINION AND ORDER

Leonard Thomas, a prisoner without a lawyer, filed a motion to amend his

complaint. He proceeds on claims against twenty-seven defendants in connection with

his mental health treatment at the Wabash Valley Correctional Facility and the

Westville Correctional Facility in 2015 and 2016. ECF 4. At this stage of the proceedings,

"a party may amend the party's pleading only by leave of court or by written consent of

the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ.

P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers*

*& Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In the amended complaint, Thomas seeks to add Corizon Health as a defendant

because they employed many of the individual defendants in this case. Notably,

Thomas' claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind.,*

*LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The amended

complaint focuses on Thomas' mental health treatment in 2015 and 2016. Thomas filed

the instant motion with the proposed amended complaint more than two years later on

February 24, 2020. Therefore, amending the complaint to add Corizon Health would be

futile unless the claims against Corizon Health would relate back to the original

complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint

only where there has been an error made concerning the identity of the proper party

and where that party is chargeable with knowledge of the mistake." *King v. One*

*Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). There is no

indication that Thomas was unable to identify Corizon Health as a proper defendant or

that Corizon Health was involved with any related error. Because Thomas did not

assert his claims against Corizon Health in a timely manner and because the relation-

back doctrine does not apply to these claims, amending the complaint to add Corizon

Health would be futile.

For these reasons, the court DENIES the motion to amend (ECF 109).

SO ORDERED on May 13, 2020

_____/s/JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT

2